UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-251 |
| | ) | |
| MID-AMERICAN APARTMENT | ) | |
| COMMUNITIES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously directed the *pro se* plaintiff in this case, who is currently identified only as John Doe[1], to move to proceed anonymously or amend his pleadings to proceed in his own name. *See* doc. 7 at 9. Doe has responded. Doc. 8. The Court also directed him to supplement his request to pursue this case *in forma pauperis* (IFP). Doc. 7 at 5. Instead of filing that supplement, he has filed a motion seeking to "strike" his

---

1 Doe's most recent filings occasionally refer to himself in the plural. *See, e.g.,* doc. 9 at 1 ("Plaintiffs move this Court to grant their Motion to strike."). It is not clear whether Doe's use of the plural pronoun indicates a wish to avoid using a gendered pronoun, presumably "he" since the case is filed by John, and not Jane, Doe. It is also possible that Doe does not appreciate that his Complaint's "[c]lass [a]ction [a]llegations," *see* doc. 1 at 4, are not self-executing. This action cannot proceed as a class action unless and until the Court certifies the action as a class action. *See, e.g.,* Fed. R. Civ. P. 23(c). Any such certification could only be considered once Doe has satisfied the requirements for filing, including the filing fee. *Cf.* 28 U.S.C. § 1914.

1

original request, promising to "file with this Court a promise to pay the District Court Fees or Costs before the 30th day of November 2022." Doc. 9 at 1. The Court construes that statement as a request for an extension of his deadline to file the IFP supplement or pay the filing fee until November 30, 2022. That request is **GRANTED**. Doc. 9, in part. Subject to the further instructions below, Doe is **DIRECTED** to either renew his request to proceed IFP, including the information required by the Court in its prior Order, or pay the Court's filing fee no later than November 30, 2022.

For the reasons explained below, his Motion to Proceed Anonymously and his Motion to File Under Seal are **DENIED**. Doc. 8; doc. 9, in part. Doe also seeks to "strike" his request for permission to file electronically.[2] Doc. 9, in part. Since that Motion has already been denied, *see* doc. 7 at 1-2, his request to withdraw it is **DISMISSED** as

---

[2] The authority that Doe cites for his request to "strike" the documents in question, Federal Rule of Civil Procedure 12(f), is limited to "pleadings." *See* doc. 9 at 1; *see also* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* . . ." (emphasis added)). The Rules limit "pleadings" to seven enumerated filings, distinct from "motions". *See* Fed. R. Civ. P. 7(a), (b). "If the movant seeks to strike a filing under Rule 12(f) that is not included in Rule 7(a), that motion is to be denied." *Barnes v. Guaranteed Price Movers*, 2020 WL 5790401, at *1 (M.D. Ga. Sept. 28, 2020); *see also, e.g., Merilien v. Caldwell*, 2020 WL 6576783, at *3 (S.D. Ga. Aug. 17, 2020). Because Doe is proceeding *pro se*, the Court construes his request as a motion to withdraw his prior motions.

2

moot. Doc. 9, in part. His request to withdraw his previous request to proceed *in forma pauperis* is **GRANTED**. Doc. 9, in part. The Clerk is **DIRECTED** to **TERMINATE** that IFP Motion. Doc. 2.

## I.  Motion to Proceed Anonymously (Doc. 8)

The Court's prior Order explained that "[a]nonymous pleading is the exception to Federal Rule of Civil Procedure 10(a), which requires every party to be named in the complaint." *Doe v. Barrow County, Ga.*, 219 F.R.D. 189, 191 (N.D. Ga. Dec. 18, 2003); *see also* doc. 7 at 6. It also explained that "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *see also* doc. 7 at 7.

Doe's Motion to Proceed Anonymously states that he should be permitted to pursue this case anonymously because his "defamation of character lawsuit warrants anonymous filing." Doc. 8 at 1. He contends, without any citation to legal authority, that "[c]ourts in the Eleventh Circuit and elsewhere have routinely recognized defamation of character lawsuit as one of the rare situations justifying anonymous suits." *Id.* He

3

also alleges, in wholly conclusory fashion, that anonymous proceeding is justified by the possible application of an arbitration clause, apparently in his lease. *Id.* Finally, he expresses concern that pursuing this case in his own name "may incite [d]iscrimination[, and] . . . expose [him] to [d]iscrimination, [r]etaliation, [f]urther risk of illegal entry, [p]rivate [p]roperty, personal health, and life dangers." *Id.* at 2.

    Doe's Motion does not establish a sufficient basis for him to proceed anonymously. First, while the Court is aware of defamation plaintiffs who were permitted to proceed anonymously, *see, e.g., Roe v. Doe*, 2019 WL 13215281, at *1 (N.D. Ga. Oct. 10, 2019), Doe provides no support for his assertion that such permission is "routinely" granted, much less granted upon the wholly conclusory showing that Doe proffers here. For example, the United States Court of Appeals for the Sixth Circuit upheld the denial of leave to proceed anonymously in a case implicating possession of marijuana. *See D.E. v. Doe*, 834 F.3d 723, 728-29 (6th Cir. 2016). Although not a defamation action, the implication that the plaintiff possessed an illegal substance "did not require [the] plaintiff to disclose information 'of the utmost intimacy' . . . ." *Id.* at 728. The Court

4

is simply not convinced that allegations concerning an unidentified "illegal substance" implicates information of "the utmost intimacy."

Doe's remaining reasons for proceeding anonymously are not only invalid, they evidence a misunderstanding of the effect of pleading under a pseudonym. Doe's contention that anonymous pleading will prevent Defendants from retaliation or prevent enforcement of "a mandatory binding arbitration provision," is simply mistaken. *See* doc. 8 at 1-2. Anonymous pleading prevents the listing of Doe's name on the Court's public docket, it does not limit Defendants' substantive rights under the Federal Rules of Civil Procedure or any contract between the parties. For example, proceeding anonymously would not affect Doe's responsibility to comply with the Federal Rules' discovery provisions. *See* Fed. R. Civ. P. 26, 30, 33 & 34. Doe's also provides no authority supporting his implicit assumption that proceeding anonymously will impede any defendant's enforcement of an otherwise binding arbitration agreement. *Cf.* 9 U.S.C. § 2. While the Court cannot anticipate the merit of any argument by any party, to the extent that Doe's assertions rely on a dubious premise concerning the effect of anonymous pleading, they provide no additional support to permit it.

Because Doe has attempted to comply with the Court's instruction and because he is proceeding *pro se*, the Court **DENIES** his Motion with leave to refile. Doc. 8. He is advised that the Court will not consider the merits of any renewed motion until he has either established his entitlement to proceed *in forma pauperis* or paid the filing fee.

**II.    Motion to File Under Seal (Doc. 9)**

Doe's final request, to "file all documents under seal" is, like his Motion to Proceed Anonymously, insufficient. First, the Court's Local Rules do not contemplate the general sealing of unspecified documents. *See* S.D. Ga. L. Civ. R. 79.7(d). Second, even if Doe sought to seal a particular document, he has not even approached his request with the requisite specificity.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi.*

*Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).

A party seeking to have judicial records sealed can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at

1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Doe's Motion to File Under Seal is, therefore, **DENIED**. Doc. 9, in part. If Doe wishes to seek leave to file any future documents under seal, he must comply with the Court's Local Rules and present sufficient justification for sealing, as discussed above.

8

### III. Conclusion

In summary, Doe's Motion for Leave to Proceed Anonymously is **DENIED**, with leave to refile. Doc. 8. The Court construes his request to "strike" prior filings as a request to withdraw them. So construed, his request is **GRANTED, in part**, and **DISMISSED, in part**, as moot. Doc. 9, in part. The Clerk is **DIRECTED** to **TERMINATE** his withdrawn application to proceed *in forma pauperis*. Doc. 2. The Court construes Doe's "promise to pay the District Court Fees or Costs before the 30th day of November 2022," doc. 9 at 1, as a request for an extension of the deadline set in the Court's prior Order. So construed, his request is **GRANTED**. Doc. 9, in part. He is **DIRECTED** to either pay the Court's filing fee or submit a renewed application to proceed *in forma pauperis* no later than November 30, 2022. His request to file under seal is **DENIED**. Doc. 9, in part.

**SO ORDERED**, this 2nd day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA